2026 IL App (1st) 251335-U

No. 1-25-1335

Order filed July 30, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ESTATE OF ANDRZEJ NIEWOLIK, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2018 P 286 |
| | ) | |
| ROBERT NIEWOLIK, MARK NIEWOLIK, and | ) | Honorable |
| THOMAS NIEWOLIK, | ) | Terrence J. McGuire, |
| | ) | Judge Presiding. |
| Claimants-Appellants. | ) | |

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held:*   We affirm the circuit court's order granting appellee's motion to admit the decedent's May 16, 2008, will and finding that *res judicata* bars appellants' claims.

¶ 2        Appellants, Robert Niewolik, Mark Niewolik, and Thomas Niewolik, are three siblings and children of Andrzej Niewolik, deceased, and appellee is the Estate of Andrzej Niewolik (Estate). The court in Poland found that the decedent's May 16, 2018, will in Poland was valid and declared Krystyna Niewolik, the decedent's wife at the time of his death and the Administrator of the Estate, the sole beneficiary of his entire estate. The Polish court also found that a document entitled, "Resolution of A.Z. Properties, Inc. & Soap Box, Inc." (corporate resolution) executed by

the decedent and his business partner in April 2016, which contained a provision regarding the transfer of the decedent's 50% share of the businesses at death to his children, was not a valid testamentary disposition.

¶ 3        Appellants appeal from the circuit court order granting the Estate's motion to admit the May 16, 2008, will (Polish Will) and finding that *res judicata* barred them from pursuing the corporate resolution as a testamentary conveyance in this action. On appeal, appellants argue that the circuit court erred in applying *res judicata* because the Polish court did not determine the effectiveness of the corporate resolution as a non-testamentary instrument that passed the decedent's interest in his businesses to his surviving children outside of probate. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5        The decedent, who died on November 10, 2017, was a resident of Cook County, Illinois, and was a citizen of the United States and Poland. At the time of his death, he was married to Krystyna Niewolik (Krystyna) and had four children, Artur Niewolik and appellants. Artur is the decedent's child from his marriage with Krystyna, and appellants are his children from his marriage with his previous wife, Halina Niewolik. In January 2018, Krystyna filed a petition for letters of administration, which stated that the decedent died intestate without a will.

¶ 6        In February 2018, Robert filed a cross-petition for probate of will and for letters testamentary, alleging that the decedent left a will dated May 20, 1996, at which time the decedent was married to Halina. Thereafter, Krystyna filed a "motion for leave to file amended petition for letters of administration and to file petition for letters of administration to collect," asserting that in January 2018, while she was in Poland, she discovered the existence of the decedent's second

2

purported will, which was "being admitted to the court system in Poland for a determination as to its validity."

¶ 7        In April 2018, Krystyna and Artur filed a petition in the district court in Tychy, Poland, requesting that the court declare, "based on a notarial testament made on May 16, 2008" before a notary in Tychy, Poland, the decedent's estate to "be inherited by his wife Krystyna Maria Niewolik in its entirety" (Polish Will). Section 1 of the Polish Will provides that the decedent declared he was appointing his wife, Krystyna, "as his sole heir."

¶ 8        In June 2018, appellants each filed with the circuit court a "protective claim" against the Estate, alleging that pursuant to the corporate resolution of A.Z. Properties, Inc. and Soap Box, Inc., dated April 26, 2016, "which is a Buy-Sell Agreement" of the businesses, they each had a 25% interest in the decedent's interest in the businesses, which is non-probate property. Appellants attached to the protective claims the corporate resolution document entitled "Resolution of A.Z. Properties, Inc. & Soap Box, Inc.," which was signed on April 26, 2016, by Zdzislaw Kucinski and the decedent, who each owned 50% of the businesses.

¶ 9        Section II(1) of the corporate resolution states as follows:

"II. The below stated terms and conditions shall control all transfers upon death of any shareholder:

1) Upon death of a Shareholder, as evidenced by a certificate of death issued by the applicable governmental agency, all shares of the deceased Shareholder ('Deceased') in the Corporations shall, without any additional document, be transferred to the Deceased['s] then living children in equal shares subject to the following provisions:

a. In consideration of mutual consent by the Shareholders and Corporations, and other good and valuable consideration, prior to the transfer of the shares to the children of the

Deceased, the shares shall be immediately and irrevocably offered for sale to the remaining

Shareholder, and remain offered for a period of 3 year[s] after the date of death of the

deceased Shareholder ('DOD') for consideration of $1,500,000.00 (One Million Five

Hundred Thousand Dollars and Zero Cents) ('Purchase Price'). This option may be

exercised anytime during the 3 year period."

¶ 10      The corporate resolution also provides:

"In the event any family member of the Deceased challenges the provisions in this

agreement, such person shall be automatically excluded from any distribution under this

agreement and any other distribution from the estate of the Deceased."

¶ 11      The corporate resolution contains a "governing law" provision that provides that "the validity, construction and enforcement of, and the remedies under" the agreement shall be governed by Illinois law, and the jurisdiction and venue of any "legal or equitable action arising under this agreement" shall "lie exclusively within the courts of Illinois located in Cook County."

¶ 12      In August 2018, Krystyna, as Independent Administrator of the Estate, filed a complaint for declaratory judgment against A.Z. Properties, Inc., Soap Box, Inc., Kucinski, Artur, and appellants in the chancery division. Krystyna alleged that at the time of the decedent's death, the decedent and Kucinski were each 50% owners of the businesses, A.Z. Properties, Inc., and Soap Box, Inc. She alleged that the corporate resolution was an invalid testamentary disposition of the decedent's interest in the businesses.

¶ 13      Appellants filed a counterclaim, alleging that the corporate resolution was a binding "buy-sell agreement" that superseded any will or intestate estate. Appellants requested the court find the corporate resolution binding pursuant to which the decedent's interest in the businesses passes to his children.

¶ 14    In October 2019, pursuant to an agreed order between the parties, the chancery court dismissed the Estate's complaint for declaratory judgment as well as appellants' counterclaim.

¶ 15    In August 2021, appellants moved to admit the decedent's 1996 will, in which they asserted that the only part of the will that is revoked by operation of law are the provisions appointing Halina, the decedent's ex-spouse, as the executor of his estate and awarding her any portion of the estate. They asserted that the Polish court proceeding regarding the validity of the Polish Will was pending.

¶ 16    In February 2023, the Estate filed a motion for summary judgment, in which it asserted that on June 20, 2022, the Polish court entered an order finding that (1) the decedent's Polish Will was valid and Krystyna was the sole heir of the decedent's entire estate, including the businesses and that (2) the corporate resolution did not meet the requirements of a will and did not control the disposition of the decedent's probate estate. The Estate argued, among other things, that appellants were precluded from challenging the Polish Will and corporate resolution in the circuit court based on the Polish district court's June 20, 2022, order and the doctrine of *res judicata*. The Estate noted that, in reaching the decision, the Polish district court considered the 2008 Polish Will, the 1996 will, and the corporate resolution. The circuit court entered several orders continuing the Estate's motion for summary judgment.

¶ 17    In the Polish proceeding, appellants appealed the Polish district court's order to the appellate court in Poland. In August 2024, the appellate court in Poland affirmed the Polish district court's June 20, 2022, order.

¶ 18    In September 2024, appellants filed a cross-motion for summary judgment, arguing that the corporate resolution was an enforceable contract that transferred the decedent's share in

the businesses to his living children outside of probate upon his death. Thereafter, the Estate moved to admit the Polish Will in the probate court in Cook County.

¶ 19                    Estate's Motion to Admit Polish Will Dated May 16, 2008, to Probate

¶ 20        In October 2024, the Estate moved to admit the Polish Will dated May 16, 2008, to probate. The Estate explained that on June 20, 2022, the Polish district court in Tychy, entered an order, which the appellate court in Poland affirmed in August 2024, declaring the decedent's Polish Will to be his last will and testament and declaring Krystyna as the sole beneficiary of the decedent's property both in Poland and the United States, including the decedent's interest in the businesses.

¶ 21        The Estate argued that the parties vigorously litigated the will contest in the Polish court proceedings for about four years, after which the court found that the decedent's Polish Will was valid, revoked his prior will, and made Krystyna the decedent's sole beneficiary of all the decedent's property, both in Poland and the United States. The Estate requested the court admit the Polish Will to probate and enter an order declaring Krystyna the sole beneficiary of the decedent's probate estate. The Estate also commented that in appellants' June 6, 2018, brief filed in the Polish district court, appellants requested the court disregard the Polish Will and declare the decedent's estate be inherited intestate, and that, subsequently, in appellants' March 25, 2022, brief, they argued that the corporate resolution was a will under which appellants should inherit the decedent's interest in the businesses.

¶ 22        The Estate attached to its motion various documents from the Polish court proceedings, including the Polish district court's June 20, 2022, order, the Polish district court's "Reasons of Court Order of June 20, 2022," appellants' brief filed on March 25, 2022, the Polish appellate

6

court's August 21, 2024, order, and the decedent's May 16, 2008, Polish Will. We briefly summarize these documents.

¶ 23    In the Polish district court's June 20, 2022, order, it stated that "based on a notarial testament made on May 16, 2008 *** " the decedent's estate "was inherited in its entirety, up to the estate's net assets, by his wife Krystyna[.]" The order listed the participating parties as Robert, Mark, Thomas, Artur, and Halina.

¶ 24    In appellants' March 25, 2022, brief, citing section II(1) of the corporate resolution, they stated that, "[w]ithout a doubt this document can be recognized as a Last Will," and "[a]ll that is left for the Court to decide is whether the [corporate resolution], under applicable laws, may be considered a will, if it does not meet the requirements as to its form set forth in the Polish Civil Code."

¶ 25    In the Polish court's 53-page document explaining its reasons for the June 20, 2022, order, it made numerous findings. It explained that in appellants' June 6, 2018, response, they "asked [the Court] to declare that the estate of [the decedent] be inherited intestate." The court also noted that,

> "It is the opinion of the Court that the [corporate resolution] may only be considered by the corporation with regard to its shares. It is undoubtful and that fact was clear to all the Participants, who have not made any counter allegations for the years that the case has been pending. It was not until the Last Will was confirmed as authentic that the participants, citing language ambiguities and legal inexperience of the Petitioner who gave the testimony, started to amplify the elements of the shareholders' resolution that worked to their advantage."

¶ 26　　　The court also stated that, "[i]f the Decedent called the Petitioner to his entire estate in the Last Will made on May 16, 2008, then at the same time he revoked his previous Last Will of 1996." The court explained,

> "Notary Beniamin Skiba testified that Andrzej Niewolik told the Notary that he was making his Last Will in Poland, despite the fact that his permanent residency was in the United States, because he wanted a Last Will made in Poland in the form of a notarial deed. He wanted to make sure the Last Will would not be, for example, destroyed, which was guaranteed by the notarial form of the deed."

¶ 27　　　As for the corporate resolution, the court made several findings, including that,

> "[I]t is the opinion of the Court that it was clear that while the shareholders were making their resolution, there was no will to testate on the part of the shareholders. This is evident from multiple statements by Adam Lysinski, who was the attorney drafting the resolution, that estate planning was something that [the decedent] was supposed to do at a later time. It is then warranted to assume that [the decedent] was aware that it was necessary to make a separate will. So one cannot now assert that he knowingly disposed of an asset of his estate upon his death."

¶ 28　　　In the Polish appellate court's August 21, 2024, order, the court found appellants' appeal without merit and affirmed the district court's order. The court noted that the district court had "stressed that during the proceedings, the parties did not indicate a possibility of inheritance on the basis of the [corporate resolution], and such arguments arose only after the authenticity of the will was established." As for jurisdiction, the court stated that "it should be emphasized, as the appellants themselves pointed out, that in the present case, the Polish court's jurisdiction over the present case is unquestionable," and "[a] consequence of accepting the jurisdiction of a Polish

court is the application of the relevant provisions of the Code of Civil Procedure governing the probate proceedings."

¶ 29 In response, appellants argued that the Polish will was inadmissible in Illinois because it neither satisfied the requirements for a will executed in Illinois nor qualified as a foreign will under the Illinois Probate Act (755 ILCS 5/7-1, 4 (West 2024)). Appellants also contended that the corporate resolution was a "buy-sell agreement" for the disposition of the decedent's and Kucinski's respective ownership interests upon death. According to appellants, the buy-sell agreement was an enforceable contract that operated to transfer the decedent's shares in the businesses to his children outside of probate upon his death. Appellants also asserted that Illinois law governed the buy-sell agreement, and the Polish court did not have jurisdiction over the businesses located in Illinois.

¶ 30 In the Estate's reply, it argued that appellants' objections to the Polish Will are barred by *res judicata*. The Estate asserted that the district and appellate courts in Poland "were unequivocal in their determination that the Decedent was made aware that the Polish Will applied to the entirety of his probate estate regardless of where situated, and that he expressly understood it as such." The Estate argued that appellants "subjected themselves to the jurisdiction of the Polish court," which found the decedent "bequeathed his interests in the businesses to Krystyna."

¶ 31 Appellants moved to strike portions of the Estate's reply brief, arguing that the issue of whether *res judicata* barred appellants' claims was raised for the first time in the Estate's reply brief and was a subject in the parties' pending cross-motions for summary judgment. Appellants requested the court, in the alternative, to allow the parties to complete briefing on the cross-motions for summary judgment. The court granted appellants' motion, in part, by allowing appellants and the Estate to file additional briefing.

¶ 32 In appellants' sur-response, they asserted that *res judicata* did not bar their claims because the Polish court did not render a final judgment on the disposition of the decedent's businesses and the causes of action in the Polish proceeding and this case were not identical. Specifically, appellants asserted that the Polish court determined that the corporate resolution was "not a testamentary instrument" and that the Polish Will was the proper testamentary instrument to determine the decedent's heirship. Appellants asserted, however, that the Polish court did not consider their claims raised here, *i.e.*, that the corporate resolution passed the decedent's interest in the businesses to his children outside of probate and was a valid "non-testamentary instrument." Appellants also claimed that the Polish court lacked jurisdiction because the corporate resolution contained a provision requiring disputes to be litigated in Cook County, and the businesses are located in Illinois. Appellants further claimed there was no identity of parties between the Polish action and this case, as the businesses, Kucinski, and the Estate were not parties in the Polish proceedings.

¶ 33 In the Estate's sur-reply, it argued that appellants waived the issue of exclusive jurisdiction in Cook County because they submitted the corporate resolution to the Polish court as a justiciable issue when they raised the issue that the corporation resolution was a testamentary disposition. It also asserted that appellants waived the argument that the corporate resolution was a buy-sell agreement because it claimed in the Polish court that the corporate resolution was a testamentary instrument under the Illinois Probate Act. The Estate also claimed that, "[a]llowing [appellants] to argue that the [corporate resolution] is a testamentary instrument in one jurisdiction, but a buy-sell agreement in another after losing the initial argument is an abuse of the judicial system, wastes precious judicial resources, and allows them to forum shop."

¶ 34                                   Circuit Court's Order

¶ 35　　Following a hearing, the court issued a written order granting the Estate's motion to admit the Polish Will. The court found that "the ruling by the Polish court is a final judgment on the merits, the same cause of action, and involves the same parties or their privies under the theory of *res judicata*." It stated that appellants are "precluded from pursuing the [p]urported [c]orporate [r]esolution as a testamentary conveyance in this Illinois proceeding pursuant to the doctrine of *res judicata* as the Polish court ruled that the [p]urported [c]orporate [r]esolution was not a valid testamentary conveyance to [appellants]." The court admitted the Polish Will, and it stated that the Polish court found that the decedent named his wife, Krystyna, "as his sole heir and legatee" of his probate estate wherever located.

¶ 36　　This appeal follows.

¶ 37　　　　　　　　　　　　　　　II. ANALYSIS

¶ 38　　On appeal, appellants argue that the circuit court erred in applying the doctrine of *res judicata*. According to appellants, the circuit court misread the two Polish court orders because neither order includes a determination that the businesses are included in the decedent's estate. They assert that the Polish court only found that the corporate resolution "was not a testamentary device," and the circuit court erred in considering this finding as the basis for its order concluding that *res judicata* barred their claims here. They argue the court failed to consider the corporate resolution as a binding buy-sell agreement that unequivocally passed the decedent's interest in the businesses to his surviving children outside of probate.

¶ 39　　*Res judicata* is considered an "equitable doctrine designed to prevent multiple lawsuits between the same parties where the facts and issues are the same." *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 44. Under this doctrine, "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of

11

action." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *Id.*

¶ 40      For *res judicata* to apply, three elements must be met: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies." *Mular v. Ingram,* 2016 IL App (1st) 152750, ¶ 15. If all three factors are met then "the final judgment rendered on the first cause of action bars any subsequent action between the same party or their privies involving the same claim, demand, or cause of action." *Id.* "The burden of showing that *res judicata* applies is on the party invoking the doctrine." *Indian Harbor Insurance Co. v. MMT Demolition, Inc.*, 2014 IL App (1st) 131734, ¶ 28. "Whether *res judicata* bars a subsequent claim is a question of law that we review *de novo*." *Mular*, 2016 IL App (1st) 152750, ¶ 16.

¶ 41      Appellants raise challenges to all three elements of *res judicata*. For the first element, appellants argue that there was no final judgment on the merits in the Polish court regarding the validity of the corporate resolution as a non-testamentary instrument. They assert that the Polish court only considered whether the corporate resolution qualified as a last will and only found that the corporate resolution is not a testamentary device.

¶ 42      A judgment is considered final for *res judicata* "if it determines the litigation on the merits, so that, if affirmed, all that remains is to proceed with the execution of the judgment." *Dookeran v. County of Cook*, 2013 IL App (1st) 111095, ¶ 18. . Additionally, "[f]or purposes of *res judicata,* a judgment is not final until the possibility of appellate review has been exhausted." (Internal quotation marks omitted.) *Id.*

¶ 43 Here, the Polish court issued a final judgment on the merits. In the Polish district court's June 20, 2022, order, it determined that the decedent's 2008 Polish Will was valid and that, under that will, Krystyna inherited the decedent's entire estate. In the Polish proceeding, appellants argued that the corporate resolution was a valid will. The Polish district court determined that the corporate resolution was not a valid testamentary instrument, and the Polish appellate court affirmed the district court's findings. Accordingly, the Polish district court issued a final judgment on the merits because all that remained was to proceed with the execution of the judgment.

¶ 44 Appellants assert that there was no final judgment on the merits because the Polish district court did not rule on the validity of the corporate resolution as a non-testamentary instrument. However, "[a]fter a court of competent jurisdiction enters a final judgment on the merits, *res judicata* bars the same parties or their privies from relitigating causes of action that were or could have been raised in the earlier lawsuit." *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 22. In the Polish court, appellants argued that the corporate resolution was the decedent's will. As such, where appellants expressly requested the Polish court find the corporate resolution was a valid will and submitted that document for the court's review, they could have raised any arguments they had regarding the corporate resolution as a non-testamentary instrument in that litigation.

¶ 45 Appellants also assert that there was no final judgment on the merits rendered by a court of competent jurisdiction because the jurisdictional provision of the corporate resolution requires any disputes arising from that document to be litigated in Cook County. As previously discussed, appellants submitted the corporate resolution into the Polish proceedings when they raised the argument that the corporate resolution was a will and stated that "[a]ll that is left for the Court to decide is whether the [corporate resolution], under applicable laws, may be considered a

will[.]" Appellants therefore waived any argument they had regarding the Polish court's jurisdiction to litigate any disputes arising from the corporate resolution. See *Eckhardt v. Idea Factory, LLC*, 2021 IL App (1st) 210813, ¶ 37 ("Like any contract term, a party could waive, forfeit, or be estopped from invoking its right to enforce a forum selection clause, which would enable the court to adjudicate the underlying case."). Appellants also assert that the Polish court lacked jurisdiction to administer the disposition of the businesses located in Illinois. However, the Polish court did not administer the disposition of the businesses but rather determined that the Polish Will declaring Krystyna the sole beneficiary of the decedent's entire estate was valid and that the corporate resolution was not a testamentary instrument.

¶ 46       As for the second requirement of *res judicata*, whether there is an identity of a cause of action between the Polish proceeding and this case, appellants argue that the actions are different because the action in Poland was solely a will contest and, here, appellants' claims are based on the businesses being non-estate assets. Appellants assert that the Estate never requested the court to decide, and the Polish courts never addressed, the validity or effect of the corporate resolution as a non-testamentary instrument that transferred the decedent's interest in the businesses to his children outside of probate.

¶ 47       To determine whether there is an identity of causes of action, we follow "the transactional test." *Lutkauskas*, 2015 IL 117090, ¶ 47. Under this analysis, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc.*, 184 Ill. 2d at 311. Additionally, "*res judicata* bars not only 'all matters that were actually decided but also *** those matters that could have been decided in the prior action.' " *Mular*, 2016 IL App (1st) 152750, ¶ 16 (quoting *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9).

¶ 48      Here, appellants' claims in the Polish proceeding and this case arise from the same group of operative facts, including the decedent's death, the validity of the decedent's 2008 Polish Will that made Krystyna the sole beneficiary of the decedent's entire estate and revoked prior wills, and the corporate resolution as it relates to the transfer of the businesses upon the decedent's death. In the Polish proceeding, appellants asserted that the corporate resolution was a will and that the Polish court had to decide whether it was a will. In this probate case, appellants asserted that the corporate resolution is a non-testamentary instrument such that the decedent's businesses are transferred outside of probate. Although appellants' claims in the two actions are based on different theories of relief, there is an identity of the cause of action because the claims in this case arise from the same operative facts as raised in the Polish proceeding. See *Mular*, 2016 IL App (1st) 152750, ¶ 21 (concluding that because the claims raised in both complaints arose from the same operative facts, "there is an identity of the cause of action despite the fact that the claims themselves are based upon different theories of relief").

¶ 49      We also find that the third requirement, whether there is an identity of parties or their privities in the two actions, is also satisfied. All three appellants are named parties in this probate case and were named parties in the Polish case.

¶ 50      Appellants assert that the Estate was not a party in the Polish case because Krystyna, individually, rather than as supervised administrator of the Estate, initiated the Polish action to determine whether the Polish Will was valid. However, for purposes of *res judicata*, the Estate, a party in this probate case but not a party to the Polish case, can be in privity with Krystyna, a party in the Polish case, such that there is an identity of parties or their privities.

¶ 51      This court has explained that, "[i]n order to be bound by a prior judgment in an action where it was not a party, the party in the subsequent lawsuit must have been in privity with one of

15

the parties in the prior lawsuit." *Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 220 (2011). "Privity exists between a party to the prior suit and a nonparty when the party to the prior suit adequately represent[ed] the same legal interests of the nonparty." (Internal quotation marks omitted.) *Id.* "[I]t is the identity of the interest that controls in determining privity, not the nominal identity of the parties." (Internal quotation marks omitted.) *Lutkauskas,* 2015 IL 117090, ¶ 50. This determination is to be conducted on a case-by-case basis. *Agolf*, 409 Ill. App. 3d at 220. Here, Krystyna, the party in the Polish case, adequately represented the legal interests of the Estate in that case because Krystyna is the sole beneficiary of the Estate. As such, the Estate was in privity with Krystyna such that there is an identity of parties or their privities for purposes of *res judicata*.

¶ 52    Lastly, appellants claim that there is no identity of parties because A.Z. Properties, Inc., Soap Box, and Kucinski, the decedent's business partner, were not parties in the Polish case. However, Kucinski and the businesses are not parties in this probate case. Accordingly, the parties in the Polish proceeding and this probate action to administer the decedent's estate are identical for purposes of *res judicata*.

¶ 53    Accordingly, all three requirements for *res judicata* are satisfied. The circuit court therefore properly determined that *res judicata* applied and barred appellants' claims.

¶ 54                                III. CONCLUSION

¶ 55    The circuit court did not err when it applied the doctrine of *res judicata* to appellants' claims. We affirm the circuit court's judgment.

¶ 56    Affirmed.